12094.   MOORE *v.* WHITE.

BROYLES, C. J.   1. The amended petition was not subject to the demurrer.
2. On the ground that an opinion upon the facts of the case was expressed
   by the court in so charging, the defendant excepted to the following part
   of the charge to the jury: "R. C. White brings his action against the
   defendant, P. D. Moore, for the recovery of certain alleged amounts,
   claimed to be due him as damages, brought about by reason of the de-
   fendant, Moore, causing him to have to abandon his crop planted on the
   premises of defendant, Moore, for and during the year 1919." The
   charge is not subject to the exception, as it is clearly apparent that the
   court was merely stating the contentions of the plaintiff.
3. Under the facts of the case it was not error for the trial judge, in his
   charge, to submit to the jury, in effect, the question as to whether the
   parties had settled their differences by arbitration.
4. The verdict was authorized by the evidence, and the court did not err
   in refusing to grant a new trial.

        *Judgment affirmed.*   *Luke and Bloodworth, JJ., concur.*

        DECIDED APRIL 13, 1921.

Action for damages; from city court of Bainbridge — Judge
Spooner.   December 23, 1920.

The action was by a cropper against his landlord for damages
on account of the alleged breach of an oral contract of rental by
forcing him to leave the rented premises and abandon his crop,
etc.   The defendant demurred on the grounds, that the petition
failed to set forth a cause of action, that it was not paragraphed
as required by law, and that it failed to set out definitely the terms
of the contract.   The petition was as follows:

" The petition of R. C. White shows that he has been injured
and damaged in the sum of $500 by P. D. Moore upon the fol-
lowing stated facts, and petitioner respectfully shows:

" 1. That P. D. Moore is a resident of said state and county.

" 2. That on or about the 1st day of January, 1919, petitioner
moved with himself and family to a farm which petitioner had
rented from said defendant in said county, petitioner moving upon
and occupying said premises in compliance with a rental contract
made and entered into by and between petitioner and the said
P. D. Moore, which contract of rental was made orally between said
parties on or about the 20th day of December, 1918.

" 3. Petitioner shows that the lands rented to him by said de-
fendant comprised about 55 acres [described], and your petitioner
shows that said defendant agreed to furnish him two mules to use in

the cultivation of the crop rented in the said described premises, and defendant further agreed that he would build stalls and lot for stock to be used by plaintiff at the tenant house where plaintiff resided, said defendant agreeing and contracting to build said barn or stalls and make said lot immediately after plaintiff moved upon said premises, this being agreed to in a contract of rental; and petitioner further shows that in compliance with his rental contract 7 acres of land of said described premises were prepared and planted in cotton, that 2 acres of same was prepared for and planted in sugar cane, and that about 43 acres of same was prepared and planted in corn and peanuts or pinders, same being planted in rows of two of corn and one of peanuts or pinders, all of said described premises being well prepared and planted as herein stated, and that 2¼ acres of said land was prepared to be planted in tobacco, all the work necessary having been done on said land for a thorough and complete preparation of the same for tobacco, but defendant forced said petitioner to leave said premises by the manner in which he treated petitioner and his family, and further by proceeding to dispossess your petitioner by process of law to vacate said premises.

" 4. Your petitioner shows that he complied with his contract and agreement in every way whatsoever made with said defendant, and that when your petitioner requested the said P. D. Moore to carry out the terms of his agreement in the rental contract, by building a barn at the tenant house where petitioner resided, the said P. D. Moore refused to do the same and stated to petitioner that he recalled and remembered that he agreed to build said barn or place for petitioner to keep his stock used in working said farm at the tenant house where petitioner resided, but the said P. D. Moore stated to petitioner that he was not going to build the barn or stalls, and further that he was not going to allow stock used in cultivating said premises to be kept at the tenant house where petitioner then resided.

" 5. Your petitioner further shows that on or about the 6th day of June, 1919, he was served with legal process by the sheriff of said county to vacate the premises occupied by him, said process further requiring petitioner to vacate the property rented from the said defendant as described in the petition, and your

petitioner shows that on or about the 16th day of June, 1919, your petitioner vacated and moved away from said described premises as described in this petition.

" 6. Petitioner shows that he complied with his contract of rental with said defendant, and that he in good faith prepared and planted crops on said premises as described in this petition, and that the cotton, cane, and peanuts or pinders were all planted, and the cotton, cane, and corn were all about ready to be cultivated the first time, and that it was the intention and desire of petitioner to plant the tobacco on the land that had been prepared for the same, and to cultivate the entire crop, but that the said defendant refused to comply with his contract with petitioner and further refused to allow petitioner to remain on said premises, and petitioner shows that he did. not do anything whatever to give said defendant the right to take such action as said defendant pursued, and petitioner further shows that the manner in which the said defendant treated his children and the course that was pursued was abusive and tendered in every way possible to make petitioner's family dissatisfied to live on said premises.

" 7. Petitioner shows that the said P. D. Moore did not comply with his contract as herein stated, and as a result of the breach of said contract, and, as a result of the said P. D. Moore dispossessing petitioner of said described premises, petitioner has been injured and damaged in the sum of $500, which is a conservative value of the damages to petitioner as the result of his being deprived of the rights to complete the cultivation and gathering of the crop planted, and petitioner further shows that the said P. D. Moore refused to allow him to use stock for the cultivation of the premises rented, and refused to allow the children of petitioner or any one for him to use his stock to cultivate and work said crops, the contract of rental being that of a share cropper in which the defendant agreed to furnish stock for cultivation of the land rented in the usual custom, and, by such action on the part of defendant and by the further effort on the part of the defendant to evict petitioner, there was no other course as the matter stood, without stock to work and without tools to cultivate the crop, than to vacate the premises, which petitioner was compelled to do by legal process caused to be issued by said defendant.

" Petitioner shows that he complied with his contract and did

not in any manner whatever, by himself or any member of his family, do anything that would give the said defendant any right to proceed in the manner that he did in dispossessing your petitioner from said premises.

" Wherefore petitioner prays that process may issue requiring the said P. D. Moore to be and appear at the next term of said court to answer petitioner's complaint, and that petitioner have judgment in the sum sued for in this case."

The defendant having, among other matters of defense, set up an arbitration and award upon the matters in dispute between them, from which it appeared that J. H. Harrison, one of the three arbitrators, was selected by the other two, the plaintiff amended the petition by adding " that plaintiff refused to the selection of J. H. Harrison as one of the arbitrators in the purported arbitration proceedings, and refused to the further part in the proceedings after said Harrison was selected, and says that any and all further proceedings were fraudulent, in that the proceedings were against the expressed wishes of plaintiff."

The trial of the case resulted in a verdict for the plaintiff. The case came to this court on exceptions to the overruling of the defendant's demurrer and of his motion for a new trial.

*W. V. Custer,* for plaintiff in error. *H. G. Bell,* contra.